UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY SHANKLIN,                    ) <br> ) <br> Plaintiff,           ) <br> ) <br> v.                                        ) <br> ) <br> ILLINOIS TOOL WORKS, INC.,   ) <br> ) <br> Defendant.          ) <br> ) | Case No. 1:24-cv-00825 |

# COMPLAINT

**NOW COMES** Terry Shanklin ("Plaintiff"), by and through his undersigned counsel, complaining of Illinois Tool Works, Inc. ("Defendant") as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621 *et seq*.

2. Plaintiff is seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADEA is a federal statute.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ADMINISTRATIVE PREREQUISITES**

5. All conditions precedent to jurisdiction under the ADEA have been met or complied with.

6. A charge of employment discrimination and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC on January 16, 2024 (attached hereto as Exhibit "B") and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

8. Plaintiff is a natural person, over 18 years of age, who at all times relevant resided in Cook County, Illinois.

9. Defendant is a global industrial company that manufactures various products.

10. Defendant operates a facility in Lockport, Illinois, where Plaintiff was employed by Defendant.

11. Plaintiff was employed by Defendant as an "employee" as defined by the ADEA.

12. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by the ADEA, and was engaged in an industry affecting commerce.

**FACTUAL ALLEGATIONS**

13. Plaintiff worked for Defendant as a tote operator from February 2021 until his unlawful termination on July 7, 2023.

14. Plaintiff is 63 years old and is a member of a protected class because of Plaintiff's age.

15. From December 2022 through July 7, 2023, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and subjected Plaintiff to a hostile work environment on the basis of age in violation of the ADEA.

16. At all times relevant, Plaintiff met or exceeded Defendant's performance expectations.

17. In December 2022, Plaintiff's tablet was stolen from his personal workspace.

18. As Plaintiff looked for his tablet, Plaintiff's colleague made a comment that Plaintiff is "getting old" and that he "probably lost it."

19. In or around May 2023, Plaintiff's supervisor, Eric Knowles, began inquiring about Plaintiff's age.

20. Upon learning Plaintiff's age, Eric began making discriminatory statements to Plaintiff, such as repeatedly referring to Plaintiff as an "old ass senior citizen."

21. Plaintiff reported Eric's comments to one of Defendant's facility managers, Brandy.

22. Brandy failed to take any action or launch an investigation to address Plaintiff's complaint.

23. In or around July 2023, Eric made additional comments regarding Plaintiff's age.

24. Specifically, Eric told Plaintiff that he was "going to get fired," and asked him, "why don't you retire?"

25. Moreover, a newly appointed supervisor (name unknown) remarked, "look at this old motherfucker," as Plaintiff walked past him.

26. On or about July 7, 2023, Plaintiff was terminated for dropping an *empty* box that resulted in no financial loss or injury to Defendant.

27. Notably, younger employees were not terminated for dropping boxes/loads that resulted in significant financial loss for Defendant.

28. In light of the recent events described herein, it became evident to Plaintiff that he was terminated due to his age and in retaliation for the complaint he lodged against his supervisor for age-based discrimination and harassment.

29. Plaintiff was retaliated against and Plaintiff's employment was ultimately terminated, in part, for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

30. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, humiliation, financial distress, and loss of enjoyment of life.

## COUNT I
### Violations of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

31. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age in violation of the ADEA.

33. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age.

34. Plaintiff met or exceeded performance expectations.

35. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (younger individuals that were not terminated).

36. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

37. Plaintiff suffered an adverse employment action in the form of termination as a result of Defendant's conduct.

4

38. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

39. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violations of the Age Discrimination in Employment Act
### (Age-Based Harassment)

40. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age in violation of the ADEA.

42. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age.

43. Defendant knew or should have known of the harassment as Plaintiff's supervisor/manager engaged in the harassment.

44. As set forth above, the age-based harassment was severe and pervasive.

45. Moreover, the age-based harassment was objectively hostile and offensive, or at very minimum subjectively hostile and offensive.

46. The age-based harassment was unwelcomed.

47. As set forth above, Plaintiff complained of the age-based harassment to no avail.

48. As set forth above, Defendant failed to take necessary action to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff, therefore subjecting Plaintiff to continued age-based harassment.

49. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

50. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III
### Violations of the Age Discrimination in Employment Act
### (Retaliation)

51. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

52. Plaintiff is a member of a protected class under the ADEA due to his age.

53. During Plaintiff's employment with Defendant, Plaintiff complained to Defendant about age-based harassment and discrimination.

54. As such, Plaintiff engaged in protected activity and was protected against unlawful retaliation by Defendant under the ADEA.

55. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation into Plaintiff's complaint of age-based harassment and discrimination.

56. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

57. Instead of conducting an investigation and taking measures to prevent further age-based harassment and discrimination, Defendant terminated Plaintiff's employment for engaging in protected activity.

58. Plaintiff's suffered an adverse employment action in the form of termination of Plaintiff's employment in retaliation for engaging in protected activity

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

    b. Payment of interest on all back pay recoverable;

  c.  Front pay;

  d.  Compensation for loss of benefits;

  e.  Compensatory and punitive damages;

  f.  Reasonable attorneys' fees and costs;

  g.  An award of pre-judgment interest if applicable; and

  h.  All other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 31, 2024       Respectfully submitted,

              */s/ Mohammed O. Badwan*
              Mohammed O. Badwan
              SULAIMAN LAW GROUP, LTD.
              2500 South Highland Avenue
              Suite 200
              Lombard, Illinois 60148
              (630) 575-8180
              mbadwan@sulaimanlaw.com